UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:16-CR-030 |
| ) | |
| ANGIE MICHELLE RUCKER ) | |

## **O R D E R**

Prisoner Angie Michelle Rucker, *pro se*, asks the Court to recommend that the Bureau of Prisons ("BOP") consider her for home confinement under the Second Chance Act. [Doc. 427]. Halfway house placement and home confinement under the Second Chance Act, 18 U.S.C. § 3624(c), are matters within the discretion of the Bureau of Prisons, to be determined on an individual basis upon consideration of several factors including "any statement by the court that imposed the sentence . . . ." *See, e.g., Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C. § 3621(b)).

Appended to the defendant's letter motion are several pages of BOP records documenting her rehabilitative efforts, with which the Court is pleased. It is hoped that the defendant continues on her present path.

The Court of course recommends that the BOP afford the defendant every measure of beneficial assistance available to aid in her transition back into the community, including the maximum feasible amount of halfway house placement and home confinement.

However, this Court also views the BOP as ultimately being in the best position to determine the appropriate time and manner of community reentry, so the Court declines the defendant's request for a specific recommendation.

As provided herein, the defendant's motion [doc. 427] is **GRANTED IN PART**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

2

Case 2:16-cr-00030-RLJ-MCLC   Document 428   Filed 04/23/20   Page 2 of 2   PageID #: 3062